# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE DANIELLE HEAVENS,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the Social<br>Security Administration,<br><br>                    Defendant. | No. CV 14-9555 FFM<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff seeks to overturn the decision of the Commissioner of the Social Security Administration denying her applications for a period of disability, disability insurance benefits, and supplemental security income.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  On October 27, 2015, the parties filed a Joint Stipulation detailing each party's arguments and authorities.  The Court has reviewed the administrative record and the Joint Stipulation.  For the reasons stated below, the decision of the Commissioner is reversed and the matter is remanded for further proceedings.

/ /

/ /

1

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this court reviews the Administration's decisions to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citations omitted). "Substantial evidence is more than a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (citation omitted). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." *Auckland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation marks omitted).

If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, the Court may not substitute its judgment for that of the ALJ. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citing *Flatten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995)). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014–15 (9th Cir. 2003); *see also Smolen*, 80 F.3d at 1279.

**CONTENTIONS**

Plaintiff raises one issue:

1.     Whether the ALJ correctly found Plaintiff has past relevant work. (Joint Stip. at 2).

**DISCUSSION**

Claims of disability are evaluated under a five-step sequential procedure. *See* 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g). In step four, the ALJ determines whether, in

light of her residual functional capacity, the claimant can perform her past relevant work. 20 C.F.R. § 416.920(f). The Social Security regulations define past relevant work as work the claimant has done within the past 15 years, that was substantial gainful activity ("SGA"), and that lasted long enough for the claimant to learn to do it. 20 C.F.R. §§ 404.1520(b)(1), 416.960(b)(1). The regulations further specify that in evaluating whether past work constitutes substantial gainful activity, earnings are the "primary consideration." 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1).

Average monthly earnings above a certain threshold "ordinarily" will demonstrate that a claimant has engaged in substantial gainful activity. 20 C.F.R. §§ 404.1574(b), 416.974(b). A presumption that a person engaged in substantial gainful activity is made if that person's average monthly income exceeded $500 per month for any period between 1990 and June 1999, or exceeded $700 per month for any period between July 1999 and December 2000. 20 C.F.R. §§ 404.1574(b)(2)(i), 416.974(b)(2)(i), Table 1. For 2001, that amount increased to $740. Social Security Administration, "Substantial Gainful Activity," http://www.socialsecurity.gov/OACT/COLA/sga.html (March 15, 2016). The Agency calculates monthly earnings by "averag[ing] earnings over *the entire period of work*." 20 C.F.R. §§ 404.1574a(a) and 416.974a(a) (emphasis added); *see also Anderson v. Heckler*, 726 F.2d 455, 457 (8th Cir. 1984) (holding that monthly earnings are calculated by averaging earnings over months actually worked instead of averaging earnings over the entire year). If a claimant's earnings level or work pattern significantly changes during the period of work, the Agency will average earnings during each period of work separately. 20 C.F.R. §§ 404.1574a(b) & (c), 416.974a(b) & (c). However, earnings alone are not dispositive and other factors may rebut the presumption, such as the nature of the work performed, how well the claimant performs the work, whether the work is done under special conditions, whether the claimant is self-employed, and the amount of time spent working. 20 C.F.R. §§ 416.973; *see also Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001) (citing *Katz v. Sec. of Health and Human Servs.*, 972 F.2d 290, 293 (9th Cir. 1992)).

The ALJ determined that Plaintiff was capable of performing past relevant work as a coffee maker and sales clerk.  (A.R. 24).  As indicated in Plaintiff's "Work History Report," Plaintiff worked as a coffee maker at Starbucks from January 1998 to August 1998, and as a sales clerk at a bookstore from August 1998 to June 2001.  (A.R. 166, 184).  To determine whether the ALJ properly presumed that Plaintiff engaged in substantial gainful activity, the Commissioner refers to Plaintiff's self-reported hourly wages and estimates the total income she made each month.  For instance, Plaintiff reported that as a coffee maker at Starbucks, she worked six hours per day, five days per week, at a pay rate of $6 per hour.  (A.R. 166).  This equates to approximately $720 per month, which exceeds the $500 threshold for substantial gainful activity for 1998.  20 C.F.R. § 404.1574(b)(2)(i).  As a sales clerk for a bookstore, Plaintiff reported working four hours per day, five days per week, at a pay rate of $6.25 per hour.  (A.R. 166).  This is approximately $500 per month, which is equal to the requisite level for substantial gainful activity for 1998 to June of 1999, but below the requisite level for July 1999 to 2001.  20 C.F.R. § 404.1574(b)(2)(i).

However, Plaintiff's self-reported wages do not account for the hours Plaintiff actually worked or the amount Plaintiff actually *earned* during the relevant periods of employment.  *See* 20 C.F.R. § 416.974(a)(2) ("We consider only the amounts you earn.").[1]  Additionally, when earnings total to an amount *equal* to the income threshold, a presumption against substantial gainful activity is established.  *See* 20 C.F.R. § 404.1574(b)(3)(i) ("[i]f your average monthly earnings are *equal to or less* than the amount(s) determined under paragraph (b)(2) of this section for the year(s) in which you work, we generally consider that the earnings from your work as an employee . . . will show that you have not engaged in substantial gainful activity.") (emphasis added).  Thus, the Commissioner has failed to establish a presumption that Plaintiff was engaged in substantial gainful activity during her employment as a coffee maker or sales clerk.

---

[1]   The only evidence in the record as to plaintiff's actual earnings is a Summary Earnings Query, which reveals only a total amount of income for the entire year.  As explained below, that figure is too low to establish substantial gainful employment.

On appeal, Plaintiff argues that her total wages averaged over a 12-month period during the years she worked as a coffee maker and sales clerk did not equate to the presumptive threshold for substantial gainful activity.  For example, Plaintiff refers to a Summary Earnings Query which shows that she earned $5,534.63 in 1998.  (A.R. 147).  Plaintiff calculates her average monthly earnings by dividing the annual earnings by 12 months and concludes that she earned on average $461 a month in 1998, below the $500 requisite level for substantial gainful activity for that year.  20 C.F.R. § 404.1574(b)(2)(i).  However, the record indicates that Plaintiff worked at Starbucks for only the first eight months of the 1998 calendar year before she started working as a sales clerk for the bookstore.  Thus, Plaintiff's reliance on her annual earnings is also misguided because it may not account for gaps in employment during Plaintiff's transition between jobs.  *See Anderson*, 726 F.2d at 457 ("The plaintiff's method of averaging her wages received during a calendar year over all the months in that year, whether plaintiff was employed during those months or not, circumvents the purpose for determining whether an applicant engaged in substantial gainful activity.").  Moreover, the record does not contain wage statements from each employer that would indicate the average monthly income for the periods of time that Plaintiff was actually employed.

Nevertheless, even if the earnings presumption did not apply, "the fact that your earnings were not substantial will not necessarily show that you are not able to do substantial gainful activity." 20 C.F.R. § 404.1574(a)(1); *see also Lewis,* 236 F.3d at 515 (noting that earnings are a "presumptive, but not conclusive, sign of whether a job is substantial gainful activity.").  As defined in the regulations, past relevant work need only require significant mental and physical activities to be substantial.  20 C.F.R. §§ 404.1572(a), 416.972(a).  Likewise, to be gainful it need only be the kind of work usually done for pay or profit[.]" 20 C.F.R. §404.1572(b), 416.972(b).[2]  Factors to be considered in addition to the amount earned include the nature of the work performed, how well the

---

[2]   Plaintiff does not dispute that she had past work within the past 15 years, and that she performed it long enough to learn to do it.  *See* 20 C.F.R. §§ 404.1520(b)(1), 416.960(b)(1).

1   claimant performs the work, whether the work is done under special conditions, whether

2   the claimant is self-employed, and the amount of time spent working.  20 C.F.R. §§

3   416.973; *see also Lewis*, 236 F.3d at 515 (citing *Katz v. Sec. of Health and Human Servs.*,

4   972 F.2d 290, 293 (9th Cir. 1992)).

5        The ALJ failed to discuss any of these factors in his decision, and treated

6   Plaintiff's past work as substantial gainful activity without a proper explanation.

7   Accordingly, the ALJ erred in considering the coffee maker and sales clerk jobs as past

8   relevant work.  Moreover, the error was not harmless.  By ending with step four, the ALJ

9   did not proceed to step five of the sequential analysis.  Under the sequential procedure, if

10  the claimant cannot perform his past relevant work, the burden shifts to the

11  Commissioner to demonstrate that the claimant can perform other work in the national

12  economy, which can be established by using the Grids or by the testimony of a vocational

13  expert.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing *Tackett v. Apfel*,

14  180 F.3d 1094, 1100-01 (9th Cir. 1999)).  Because the ALJ did not evaluate Plaintiff's

15  ability to perform other work in the national economy, the findings do not support the

16  ALJ's ultimate decision that plaintiff is not disabled.  Accordingly, the matter should be

17  remanded so the ALJ may make proper, specific findings at step four on whether

18  Plaintiff's past work constituted substantial gainful activity and, if not, whether plaintiff

19  can perform other work in the national economy.  *McCartey v. Massanari*, 298 F.3d

20  1072, 1076–77 (9th Cir. 2002) (court has discretion to remand the case for additional

21  evidence and findings or to award benefits); *Harman v. Apfel*, 211 F.3d 1172, 1178–79

22  (9th Cir. 2000) (court's decision generally turns on the utility of further proceedings;

23  issues to be resolved warrants remand).

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

For the foregoing reasons, the judgment of the Commissioner is reversed and the matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: March 31, 2016

_____/S/FREDERICK F. MUMM_____
FREDERICK F. MUMM
UNITED STATES MAGISTRATE JUDGE